IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRIAM HANZER, | : |
| Plaintiff, | : |
| v. | : C.A. No. 12-363-LPS-MPT |
| NATIONAL MENTOR HEALTHCARE, LLC d/b/a DELAWARE MENTOR, | : |
| Defendant. | : |

## MEMORANDUM ORDER

WHEREAS, Chief Magistrate Judge Mary Pat Thynge, issued a Report and Recommendation ("the Report") (D.I. 112) recommending that the Defendant National Mentor Healthcare, LLC's ("Mentor's") Motion for Summary Judgment (D.I. 101) be granted;

WHEREAS, Plaintiff Miriam Hanzer filed objections to the Report on June 27, 2014 (D.I. 125) ("Objections");[1]

WHEREAS, Defendant responded to the Objections on July 14, 2014 (D.I. 126);

WHEREAS, the Court has reviewed the Report *de novo*, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3);

NOW THEREFORE, IT IS HEREBY ORDERED that the Objections are OVERRULED, the Report is ADOPTED, Defendant's Motion for Summary Judgment (D.I. 101) is GRANTED,

---

[1] Plaintiff did not timely file her Objections to the Report, despite receiving an extension. (*See* D.I. 114 (extending deadline to May 15, 2014), 125 (filing Objections on June 27, 2014)) As Defendant has not raised the issue of timeliness, the untimely filing does not appear to have unfairly prejudiced Defendant, and Plaintiff is now proceeding *pro se*, the Court will consider the Objections on the merits.

1

and the Clerk of Court is directed to CLOSE this case.

1. When reviewing the decision of a magistrate judge on a dispositive matter, the Court conducts a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is a dispositive matter; therefore, the findings and conclusions of the magistrate judge in connection with such a motion are reviewed *de novo*. The Court may accept, reject, or modify the recommendation of the magistrate judge. The Court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding.

2. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," then the Court should grant summary judgment. The movant bears the burden of proving the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When considering whether a genuine issue of material fact exists, a court must view the evidence in the light most favorable to the nonmovant, and resolve all reasonable inferences in the nonmovant's favor. *See Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). However, a court should not make credibility determinations or weigh the evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The mere existence of some evidence in support of the nonmovant will not be sufficient to survive a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Once the movant offers such proof, the nonmovant "must come forward with 'specific facts showing

2

[a] genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). Thus, in ruling on a summary judgment motion, a court must perform the "threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

3. Judge Thynge recommended granting Defendant's motion for summary judgment because Plaintiff failed to present sufficient evidence of discrimination, a hostile work environment, retaliation, and a violation of the Delaware Whistleblowers' Act. (*See* D.I. 112) With regard to Plaintiff's discrimination claim, Judge Thynge found that Plaintiff did not provide evidence that Defendant's proffered reasons for terminating her employment were a pretext masking a discriminatory purpose. (*Id.* at 8) The Report further concluded that Plaintiff did not present evidence raising a material dispute of fact regarding additional required elements of other claims: (1) severe and pervasive discrimination constituting a hostile work environment (*id.* at 10); and (2) Plaintiff engaged in protected activity (retaliation claim) (*id.* at 11). Additionally, with respect to her Whistleblowers' Act claim, the Report concluded there is no statute, rule, or regulation to support Plaintiff's claim. (*Id.* at 14) Having conducted *de novo* review, the Court agrees with the Magistrate Judge on each of these points.

4. In her Objections, Plaintiff presents three arguments relating to her discrimination claim under Title VII. (*See* D.I. 125 at 2, 4-6) Discrimination and retaliation claims are analyzed under the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The framework requires that (1) a plaintiff establish a *prima facie* case of discrimination or retaliation; (2) if a *prima facie* case is established, the employer must "articulate some legitimate, nondiscriminatory reason" for the adverse employment action; and (3) if the employer provides

3

an adequate reason, the plaintiff must show that the employer's stated reason for the employment action was pretextual. *Id.* at 804.

5. The Court agrees with Magistrate Judge Thynge that Plaintiff presented evidence making out a *prima facie* case of discrimination, as a reasonable factfinder could find that Plaintiff (i) belonged to a protected class, (ii) suffered an adverse employment action, and (iii) the circumstances of the adverse employment action give rise to an inference of unlawful discrimination such as might occur when a similarly situated person not of the protected class is treated differently. (D.I. 112 at 7; *see also McDonnell Douglas*, 411 U.S. at 802) However, the Court further agrees with Judge Thynge that Defendant presented evidence of a "legitimate, nondiscriminatory reason" for the adverse employment action, including evidence of Plaintiff's job performance, the elimination of her position, and the creation of a new position with heightened educational requirements. (D.I. 112 at 7) While Plaintiff argues that Judge Thynge ignored the termination letter Plaintiff received (D.I. 125 at 4)[2], and that Defendant is bound to the contents of the letter (*see id.* at 5), the letter is not dispositive, and in light of all the evidence of record a reasonable factfinder could find that Defendant articulated a legitimate nondiscriminatory reason for its decision. *See generally Meese v. Wilmington Trust Co.*, 726 F. Supp. 2d 429, 438-40 (D. Del. 2010) ("Taken together, the evidence raised by [Plaintiff] would not lead a reasonable factfinder to find [the employer's] proffered reasons for its action unworthy of credence. [The employer] had several reasons for terminating [Plaintiff], . . . which [Plaintiff] has not sufficiently rebutted as pretext."); *see also* Report (D.I. 112 at 7) ("An employer may

---

[2]*But see* Report (D.I. 112 at 6) (alluding to evidence that Defendant "indicated her termination was both based on her deficient work and the elimination of her position").

4

have many reasons to separate from an employee, and all may be valid, especially when an organization is attempting to remedy probation [as Defendant was here]."). At the third step of the *McDonnell Douglas* framework, the Court further agrees with Judge Thynge that a reasonable factfinder reviewing the entire record in the light most favorable to Plaintiff could not find that Defendant's stated reasons for Plaintiff's termination were pretextual. (D.I. 112 at 5) Plaintiff has not produced evidence from which a factfinder could find "***both*** that the [defendant's] reason was false, ***and*** that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).

6. Plaintiff also uses her Objections to complain about the performance of counsel who previously represented her. (*See* D.I. 125 at 1-2) A plaintiff in a civil action is not constitutionally guaranteed effective assistance of counsel. *See Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3d Cir. 1980); *see also Cuffee v. Dover Wipes Co.*, 163 Fed. Appx. 107, 108 (3d Cir. Jan. 9, 2006) (finding no abuse of discretion in denying new trial as civil litigants do not have right to effective counsel). Even if Plaintiff had grounds for pursuing an action against counsel for their performance (an issue on which the Court need not and does not opine), that would not provide a basis for sustaining her Objections.

7. Other grounds raised in Plaintiff's Objections (e.g., immaterial factual disputes) do not merit discussion, as they do not provide a basis for denying Defendant's motion for summary judgment. Even taking the record evidence in the light most favorable to Plaintiff, Plaintiff failed to present evidence from which a reasonable factfinder could find each of the

required elements of Plaintiff's claims of discrimination, hostile work environment, retaliation, or violation of the Whistleblower's Protection Act.

September 30, 2014
Wilmington, Delaware

                                              UNITED STATES DISTRICT JUDGE